[Civ. No. 2126. Second Appellate District.—February 23, 1918.]

BOAZ DUNCAN, Respondent, v. TOM POSTE, INC. (a Corporation), et al., as Trustees, etc., Appellants.

ASSIGNMENT—CLAIM FOR RENT—SUFFICIENCY OF EVIDENCE.—In an action on an assigned claim for rent due under a lease, the assignment of the claim to the plaintiff by the assignors, who were partners, is sufficiently proven by the testimony of one of the partners that before the commencement of the action he assigned in writing on the back of the lease all of the claims of himself and his partner to all of the rent due from the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Fred W. Heatherly, for Appellants.

Valentine & Newby, for Respondent.

THE COURT.—The defendants were indebted to the plaintiff's assignors for delinquent rent due upon a lease of real property. The complaint alleged an assignment of said claim to the plaintiff and this allegation was not denied by the answer; nevertheless the plaintiff at the trial introduced evidence of such assignment.

The only point urged in support of the appeal is under a specification of insufficiency of the evidence to support a finding in favor of the plaintiff based upon this evidence. Appellant insists that as the plaintiff at the trial assumed that evidence of the assignment was necessary, the defendants thereby became entitled to have the case tried as if the assignment had been denied. Assuming for the purposes of the argument that the question was at issue, we nevertheless find in the record ample evidence to support the finding. It is true that the plaintiff, who had lost the written assignment, testified that the words thereof were: "For value, I hereby assign to Boaz Duncan all my right, title and interest to the within lease." Plaintiff's assignors were partners and the assignment was made by one of the partners, L. M. Holman, who testified that before the commencement of this action he assigned in writing on the back of the lease all of the claims of himself and his partner to all of the rent due from the defendant corporation. The defendants other than the corporation were its directors and have become its trustees after the forfeiture of its charter.

It appearing to the court that the appeal is without merit and was made for delay, the judgment is affirmed, and there is added the sum of $50 damages, together with the costs.